Good afternoon, Your Honor. My name is LeVar Taylor. I'm appearing on behalf of the appellant Jane Boyd. This case involves the issue of whether or not the IRS can impose a penalty in excess of $10,000 per form, as the IRS wants to do it, $10,000 per account, where a single untimely FBAR is filed unwillfully. That is where the person filing the FBAR was unaware of the requirement. I want to emphasize that what we're dealing with here is an unwillful situation. The reason I emphasize it is because the government, in its brief, uses rhetoric like hidden accounts, large amounts of unreported income. Well, that's willful, okay? If somebody's hiding their account, they're acting intentionally. Here, we're dealing with non-willful situation, all of the government's rhetoric about, oh, what about the large amounts of unreported income? Well, that doesn't apply here. If there's large amounts of unreported income, it's much more likely that there's going to be a willful violation. In this case, the tax on Ms. Boyd's income for 2010 was less than $1,500. It's important that we keep that in mind. We're not dealing with people who are going out and hiding money from the government intentionally. In non-willful cases, what happens is that when somebody finds out that, oh, I have to file an FBAR, they come in and they file the FBAR. Here, the government got all the information. What happened here was there was one FBAR filed late, but it was complete and it was accurate and the government got every bit of information it was entitled to get once Ms. Boyd realized she needed to file the FBAR. Now, the language of the statute says, well, any non-willful penalty shall not exceed $10,000. We think that's pretty clear. The government says, well, the word any has some connotations. Well, perhaps there might be a situation where there's more than one penalty associated with a late filing FBAR if the FBAR is not materially correct. We don't have to address that situation here, but... May I ask you about an issue raised by the government, which is looking at the regulations in this case, because threading this through, it's 5321 imposes a penalty for any violation of 5314, and 5314 refers to providing a report in the way into the extent the secretary prescribes, which takes us to the regulation, and then the regulation seems to make a distinction, as the government says, between the obligation to report the relationship with the financial institution versus the reporting form, which is supposed to be filed by the person. Can you address that, the distinction that the government makes between the report and the reporting form? That seems to go to the center of the government's argument. Well, the relationship language refers actually to the income tax return. That's made clear by the proposed regulation that were proposed several years ago, but not adopted, so... I'm looking at 31 CFR 1010.350, which says that a person having a financial interest in a foreign country shall report such relationship to the commissioner, and then it goes on to say the report would be made on the reporting form that was prescribed. Just help me understand that language. So the relationship refers to the reporting on the income tax return, and the rest of the language refers to the FBAR form itself. There's nothing in that language that talks about what goes or does not go in the FBAR itself, the language says that it's up to the government to say, well, what's in the FBAR? And the regulation, as it goes on in subsection G, it talks about limitations on the government's ability to ask for information where there's 25 or more accounts. But otherwise, there's no guidance whatsoever in the regulation. In your view, if the regulations said for every foreign account you have, you have to file a separate FBAR, and you had 10 relevant accounts and you filed no FBARs, could the government then have 10 separate penalties if the regs made it clear that there had to be a separate FBAR filed for every account? I think potentially, yes, there's a question of whether or not the regulation would be valid in the language of the statute, which says we're not supposed to put a burden on people who file these unnecessarily. But if the regulation were valid, the government would have a much stronger position in that situation, yes. And so what's the language in the statute that you're pointing to here? Let's take a look at that. 5314 or 5321? You were just referencing, you were saying that the statute indicates that a person shouldn't file more than one form. Is that what you were saying? No, I'm saying in 5314, the language says that the need talks about the need to avoid burdening unreasonably a person making a transaction with a foreign financial agency. That's the language in the statute. Does it then go on to say the records and reports shall contain the following information in the way and to the extent the secretary prescribed? So it gives discretion to the secretary, or do you think that's limited? Oh, the secretary has tremendous amount of discretion under that statute to decide what goes or does not go in that form. But the language of the penalty statute makes no reference whatever to a per account penalty, nor does any of the language we're discussing now talk about, oh, you have to file, you know, you have to list all the accounts on the F-bar. In fact, the regulation in subsection G says, if you have 25 or more accounts, you don't list the detailed information on the accounts, you just list the number of accounts. So as I understand the way, and I'll ask your colleague this, but as I understand the way this works, if you have, under the government's position, if you have 10 accounts and you fail to timely file an F-bar, there are 10 violations. But if you have a million accounts and you fail to timely file an F-bar, there's only one violation, because all you do is check the box. You don't require to list the accounts. Yes. In other words, our position is one, there's one form, it's filed once a year, and the failure to timely file the form is one violation. Yes. But isn't the government, no, I was going to say, but isn't, but since if you have more than 25 forms, you don't even give account information, you just check a box. If you have 1000 accounts and you don't file an F-bar, there can only be one violation, since there's a violation involving a failure to report the existence of an account, singular, the government points that out. Well, the language in the willful penalty provisions is different because it contains the word account. The non-willful penalty provisions don't even use the word account. So I'm saying that in addition to mens rea, the violation could be different. So that even though the statute refers to willful and I guess not willful negligence, which is a mens rea requirement or a difference in mens rea, you're saying the word violation means something different depending on your mens rea. Am I understanding that correctly? No, we're saying that there's, for in a non-willful context, there is one failure to file a form is one violation. Okay. In a willful context, violation as a failure to report the existence of an account. So it defines violation. In other words, the statute refers to violation as a failure to report the existence of an account. And so if I understand you're right, you're correct. You're saying that violation means something different depending on your mens rea. The statute does not say, nor do the regulations say that the failure to report an account is a violation. There's no language in there whatsoever. You don't read that in 5321 A, C, or D, little two I, which refers to that? You're talking now about willful violations? Well, that was my question to you. For willful violations, the failure to report, there is one violation if you fail to file one F-bar, but the penalty is computed by looking to the balances in the non-compliant accounts. So there's still one violation criminally, and just as there's one violation civilly, but the willful penalty on the civil side is computed by looking to the high balances of the accounts as of the date of the violation. So counsel, you can have a violation for failure to keep records, but the violation here is for failure to file a report. Correct. And that's in 5314 A and also in 1010-306 C. That is correct. That your client is not charged with putting wrong stuff on the late filed form. Your client is charged for not timely filing a form. That is correct. And is there anything that says in the statute or the regulations that it's not per account because of the violation of failure to report the existence of an account? So how is that not a violation? I don't understand. Well, the statute says there's a penalty for a violation. The violation here is the failure to file the form. The statute does not say we're going to impose a penalty for each account you don't list on the form. It says the violation is failure to report the existence of an account. The statute does not say that in the regulation. I'm reading that. I'm reading the statute. That's for the willful. I'm talking about the non-willful. Okay. Did you want to save some time for a rebuttal? I do. Thank you. Okay. We'll hear from the government. Good afternoon. I'm Francesca Ugolini, counsel for the United States. And I'd like to turn directly to the language of the statutes. I think Judge Ikuda, you've identified what the key question is in this case. And that is identifying what is a violation of Section 5314 for purposes of the penalty. If you look at the penalty statute, it says that Treasury may impose a penalty on any person who violates any provision of Section 5314. Then the statute goes on to set forth different penalty amounts based on whether the violation is willful or non-willful. But the question what constitutes a violation of Section 5314 is the same regardless of whether the conduct is willful or non-willful. And if you look further in this statute in subsection D, the statute gives explicit examples of violations of Section 5314. In the portion of the statute addressing the amount of the penalty when the violation is willful. I'm sorry, doesn't subsection D deal with willful? That deals with the amount of the penalty when the violation is willful. But the subsection gives specific examples of what constitutes a violation. Counsel, do you agree that the violation here by Ms. Boyd, she violated 1010-306 because she failed to file a report by June 30th of the relevant year? Is that the act that violated the statute and regs, the failure to file an FBARA on her before June 30th? Her violation was the failure to report all of her accounts on a timely FBARA. So, it was the failure to file the FBARA because she ultimately did report them, it just wasn't timely. Is it the failure to file the reporting form or the failure to report on the accounts? That's the question we're dealing with here. We think it is the failure to disclose all of the accounts and you happen to disclose all of the FBARA reporting form. But if you look at section 53-14, that's the statute that defines the statutory obligation. And that says- I said that file reports, right? It does, but it says keep records and file reports when a person maintains a relation with a foreign financial agency. And under regulations, a relation includes a bank account. So, the statutory duty, when you put together- when you're looking at the entirety of the statutory phrase, the duty is to report a foreign bank account. And there's no dispute that failing to report a single bank account violates the statute. So, Ms. Hugalini, maybe if I can carve through this a bit in talking about the statutory scheme, what's the meaning of the 25-account limit? I mean, is it to say that you could impose up to 25 violations? Because you couldn't do it after 25, could you? The government- let me give you the history of the 25-account rule. First of all, when the regulation was first issued, when the Bank Secrecy Act was first enacted, this was in the 1970s. And this was before the era of electronic filing. And so, the Treasury Department, when it issued regulations, you know, implementing this statutory scheme, in light of the statutory directive to not unreasonably burden account holders that have to report the information, the regulation allowed persons that had over 25 accounts to simply list the number of accounts on the reporting form and then require them to maintain records and provide those records to government when, you know, if it did an examination and asked for the account information. So, that's why there's a- the form has this special rule. The history is interesting, but we're dealing with the words. And so, we've got a statute that you may call it a verma form appendix that's still there only to be inflamed in something like this. But the point is, it says 25 as some sort of magic number about burdening the taxpayer. And if you go under- over 25, you can't have a violation, can you, for failure to disclose an account? Yes, you can. Wait, wait, wait, wait, counsel. And I'm sorry to interrupt your answer, but I'm looking at the F-bar and I'm looking at item 14 on the F-bar and it says, do you have a financial interest in 25 or more accounts, yes or no? Now, let's say you have 100 accounts and you don't file an F-bar. You have 100 accounts with $100,000 each in them. You don't file an F-bar, so you don't answer question 14. The way the statute and the regs are set up, you can only have one violation, right? We disagree, no. So, you think that not filing an F-bar when you have 50 accounts, when all, if you filed it, you'd simply check yes and that would be it, that you can have 50 separate violations even though all the F-bar, if you filed it, would have- would be a check under yes? I believe that the F-bar form that is in the record at- it's excerpts of record 33 actually also asks the person to list the number of accounts. So, if a person does not file an F-bar and does not provide any information to the government about the number of accounts, then that person has failed to disclose all of their accounts to the government and the number of violations is equal to the number of accounts. Now, it may be the case that the government follows up with that person and the person makes a fulsome disclosure late of the number. To your knowledge, has the government ever, for somebody who failed to file an F-bar when they had more than 25 accounts, charged them for multiple non-wilful violations ever? Yes, we have. That is the Bittner case that was the subject of the 28-J letter that was sent to this court. That involved an individual who initially filed an F-bar listing that he had only one account and he actually had over 60 accounts. And the government, the IRS- I'm sorry, go ahead. No, but my question was, have you ever charged someone with more than one violation who had more than 25 accounts who filed no F-bar? Yes, that is the Bittner case I was referring to. Okay, so, and explain to me your view of why the judge there was wrong when he said individuals who are required to file an F-bar are obligated to file only one report per year. It stands to reason that a violation of the statute would attach directly to the obligation the statute creates, the filing of a single report, rather than attaching to each individual foreign financial account maintained. I mean, it strikes me that Judge Mezant made a lot of sense. Why is he wrong? The thrust of the Bittner opinion was looking at the statute and deciding that the broad language, any violation of Section 5314 should not be interpreted as including failure to report the existence of specific accounts based on the reasoning that because the willful penalty includes specific references to accounts, we should apply the canon of statutory construction that Congress uses when it deliberately uses language in one section and as meaningful. And so, but the way the court erred there was that the court failed to appreciate that the penalty applies to any violation of Section 5314 and uses broad language. The court should have applied principles of statutory construction to look further into the statute and see that Congress gave specific illustrative examples of violations and that violations apply whether the violation of the statute was willful or non-willful. Counselor, at page 12 of your brief, you say, quote, the government argued that the rule of lenity does not apply here because the statutory and regulatory scheme was clear that the penalty could be imposed on a per account basis. Is that the government's position now that, putting aside the rule of lenity issue, that the statutory and regulatory scheme is clear that the penalty could be imposed on a per account basis for non-willful violations? We do think the statute is clear. Section 5321A5 provides that the penalty applies if there is any violation of Section 5314. And the same statute then gives illustrative examples of what is a violation of Section 5314. And it specifically refers to a violation involving a failure to report the existence of an account or any identifying information required to be provided with respect to an account. It is not possible that that's a violation if a person has specific intent, but it's not a violation if they're merely negligent. I guess the way I read the regs in the statute, I mean, putting aside which way we would go on the clear issue, it certainly seems like the judge in Texas at least had a reasonable interpretation that the statute says you violate if you don't file a report and that that's the violation, the failure to file a report. But do you agree that the secretary could have in the regs specifically stated we're going to impose a separate violation for every relevant account you fail to report? I think the Treasury Department could require an FBAR for each account. And in fact, that is how the FBAR worked from the mid-1970s to the mid-1990s. I think it would be odd and possibly a violation of the non-delegation doctrine for the Treasury Department to say, to define what constitutes a violation. Only Congress can impose penalties and only Congress can say what violates the statute. And in Section 5321A5, Congress has given specific examples of violations of the statute. And it has said that a failure to report the existence of an account is a violation. Moreover, the reasonable cause exception. Yes, sorry. Go ahead, Judge Woodlock. No, I wanted to pursue part of the argument or the question that Judge Bennett had, which is, I take it you think this is a clear statute? Correct. That is to say, we don't have to do anything except read the statute and then we come to the conclusion that you've argued for us. Let's assume that we say it's not so clear. What do we do then? There are no regulations that are interpretive on this. There is, to my knowledge, no interpretation that's provided and your briefing doesn't suggest that you're making interpretation by litigation. So what do we do if we think this just isn't clear? Don't know what to do with it. And that may be, I don't want to use the kind of tired rule of lenity kind of analysis to make it go away, but I really want to know, what am I supposed to do with this statute that I'm hypothesizing is unclear? Sure. I would say that the court should use the ordinary principles of statutory construction, which include looking at the language, which, and I take it, Judge Woodlock, your question is that, what if the language doesn't provide a clear answer? I would say you look at the other cues in the statute. One is the language in subsection D. One is also the fact that the reasonable cause defense, which only applies in the case of a non-willful violation, asks about the balance in the account. So the only way that not- Okay, so can I just, I'm sorry to interrupt you, but I do want to focus on something that may be at the margin of this discussion, but I think I have to look at everything in the statute. That's you're telling me I'm supposed to do. I may assign different weights to everything, but what do I do with the 25? You tell me that it's this historical artifact of the transition that this country made from the 1970s to the year 2010, but I can't read it that way. It's in the implementing format of this, and so one way to read it, I think, is to say you can get 25, but you can't get more for non-willful violations. I'm not saying you can do that, but I have to read all of that stuff, and it seems to me there is a limit on the number of non-willful violations that you can penalize. Why isn't that a fair reading, and I just choose 25 because you chose 25? First, I'll just note that there are proposed regs that were issued in 2016 to require persons- Can we consider them at all? That is, if they're proposed, they were never implemented. How can we consider that? I think that the way the court should view the regulatory rule, which is maybe going away, dealing with 25 and more accounts, is the Treasury Department's response to the statutory directive not to avoid burdening unreasonably a person who has to file this report. They haven't implemented that response yet. You refer to something that is at best in utero, hasn't come to life yet, and what is alive is a figure of 25. I just use that as an example of it, and all of this discussion is suggesting that this is not a very clear statute. Oh, I'm sorry. Go ahead. No, no, I'm sorry. I think I've covered the waterfront of what I wanted to at least provoke you on. I see that I'm about to run out of my time. If I might have the question. Yes. Yes, okay. The 25 account feature is not in the statute. That is only in the regulations, and that is only to deal with issues of administrative burden. I think, going back to your original question, what should the court do if it views the statute as unclear? I would urge the court to also take into account the history and the purpose of the statute, specifically the 2004 edition of this penalty for non-willful violations. It was enacted against a backdrop of a law that has been on the books since the 1970s, but for which there was very little compliance. Most people were not reporting their foreign accounts. In 2004, Congress decided that it needed to increase the statutory maximum penalty for willful violations, and it decided that it was going to start punishing non-willful violations as well. That includes cases such as this, where a person negligently fails to investigate and make a determination as to their reporting obligation. In light of that, if a person non-willfully fails to report 15 accounts versus one account, and the penalty is capped at $10,000, then there is very little incentive to comply with the statute, which is exactly what Congress was trying to get people to do in 2004. We are talking about negligence here, so the deterrent effect is, to some degree, minimized by that. But as I understand what you're saying, it's either all or you can do as many accounts as the individual has and negligently fails to disclose, or you can do one. Those are the two choices we have. There's no place in between. Is that right? I'm sorry. I don't quite understand your question in terms of you mean a person can... I think the point I was trying to make is that there is a little incentive to carefully maintain records and make a full... I'll put that to one side. What I think you're saying is, in this statute, from your perspective, 25 is meaningless here. It's just something that tells us about what's serious. Either you have authority to do a one $10,000 fine for a negligent failure to disclose, or you have authority to do as many accounts as this person has. Even if they have $2 in every bank in Oxfordshire, and there are 300 banks in Oxfordshire, you get $10,000 for each one of them. Is that right? I mean, you're authorized to do that. That is correct. We think that the statute would allow the Treasury Department to do that. It almost never does that. The IRS often exercises its discretion, as reflected in this case, not to impose the statutory maximum penalty, in this case, on any of the accounts. But there is judicial review for claims that the penalty amount is excessive. But we do think that that is the result that the statute provides. I think we have your argument. Thank you. There is some time for rebuttal. Thank you. When Congress passed the law and added the word account, it's not in there. It was already in the willful. The point of the Bittner decision is that was conscious. That was a conscious effort. The word account appears in, I think, over 100 sections of the Bank Secrecy Act. Congress knew how to construct a penalty on a per-account basis, and did not do that. They did not use the word account anywhere in the reason. There is a reason why. We offered examples. The amicus brief by the ACTC offers examples of how you can lead to absurd results if you allow the government the authority, give them the authority, to impose $10,000 per account in a non-willful situation. You end up in a situation where somebody with one account with $200,000, who non-willfully files a late FBAR, gets a $10,000 penalty, and somebody with 10 accounts with $20,000, each non-willfully files late, can get hit up with $200,000. How do you respond to the government's argument that there's no incentive, if there's no per-account penalty, there's no incentive to FBAR, to report each account? For people who don't know about the existence of the FBAR, the whole incentive argument doesn't make sense. That's why we're, again, going back to what I said at the beginning of this argument, we're dealing with people who don't know the rules. Somebody who doesn't know the rules, the way they get incentivized is, okay, we're going to hit them with a $10,000 penalty. Now they know. It's something you don't forget. The whole notion that there's an incentive doesn't make sense when they simply don't know about the rules. Going back to what can happen under the government's interpretation of the statute, you can even have situations where people have a willful violation. Let's say you have a willful violation where there's $100,000 in an account, and it's willful. The has 20 accounts, each with $5,000 in it, they can get hit with a $200,000 penalty. To allow the government to do that, give them the authority to do that, makes no sense. Mr. Taylor, can I ask you the same question I've asked? Perhaps I'm just off base on this, and I understand from your perspective how a particular answer wouldn't necessarily serve your client's purposes, but what do I make of 25 accounts, that 25 account amount? Is it just in the air out there, or does it have some significance for filing? Well, it has significance for people who are required to file FBARs, and it certainly creates an issue. How you interpret the outcome, it certainly creates an issue, as Judge Bennett alluded to, whether or not you can impose a penalty at all on a per-account basis where there's a failure to file FBAR, where all you're doing is checking a box and saying, I have more than 25 accounts. It's important for the penalty purposes, but it's something the government put in there. It's a regulation, it's not the law. I don't know how to answer your question otherwise, other than it certainly creates an issue. I think we have your argument. The case of United States versus James White is submitted, and we'll next hear argument in the case of United States versus Andre Brown and Anthony Wilson.
judges: Ikuta, Woodlock, Bennett